UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY L. HAMILTON, CDCR #T-61263,<br><br>                          Plaintiff,<br><br>vs.<br><br>KATHLEEN ALLISON, Secretary of the California Department of Corrections and Rehabilitation, et al.,<br><br>                          Defendants. | Case No.: 21cv2032-CAB (AHG)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>**(2) DISMISSING DEFENDANT ALLISON WITHOUT LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A, and**<br><br>**(3) DIRECTING CLERK OF COURT TO ISSUE A SUMMONS PURSUANT TO Fed. R. Civ. P. 4(b)** |

      On December 2, 2021, Plaintiff Danny L. Hamilton, a state prisoner incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, filed a pro se Complaint under 42 U.S.C. § 1983. (ECF No. 1.) He alleged he was infected with the Covid virus when forced to share a cell with an inmate who tested positive at the same time he tested negative, and that his inmate grievances challenging his housing were arbitrarily denied. (*Id.* at 3-5.) He claimed violations of the Eighth and Fourteenth Amendments and sought release from custody to avoid exposure to the Covid virus at RJD. (*Id.*)


On January 6, 2022, the Court screened the Complaint pursuant to 28 U.S.C. § 1915A, which requires a court to *sua sponte* dismiss a prisoner's complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. (ECF No. 3.) The Court dismissed the Complaint for failure to state a 42 U.S.C. § 1983 claim because it did not plausibly allege any Defendant knew of and deliberately disregarded a serious risk to his health sufficient to state an Eighth Amendment claim, did not plausibly allege a Fourteenth Amendment due process claim because inmates have no protected liberty interest in an inmate grievance process, and to the extent he sought release from custody such claims are required to be brought through a petition for a writ of habeas corpus. (*Id*. at 4-11.) Plaintiff was notified of the pleading defects of his claims and granted leave to amend. (*Id*.)

On January 25, 2022, Plaintiff filed a Motion to Appoint Counsel. (ECF No. 6.) On February 18, 2022, he filed a First Amended Complaint ("FAC"). (ECF No. 8.)

**I.     Screening pursuant to 28 U.S.C. § 1915A**

    **A.     Standard of Review**

The Court must conduct an initial review of Plaintiff's FAC under 28 U.S.C. § 1915A, which "mandates early review-'before docketing () or () as soon as practicable after docketing-for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016), quoting 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint . . . if it (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr*., 856 F.3d 1281, 1283 (9th Cir. 2017), quoting 28 U.S.C. § 1915A(b).

The screening standard for a prisoner complaint under § 1915A is identical to the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim

under Federal Rule of Civil Procedure 12(b)(6).")  Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*.

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.     Allegations in the FAC**

Plaintiff alleges that on December 8, 2020, he was tested for the Covid virus along with all other inmates housed in Building No. 3 at RJD.  (ECF No. 8 at 9.)  Plaintiff tested negative for the Covid virus that day and his cellmate inmate Cotton tested positive, yet Plaintiff was forced to move from RJD Facility A into quarantine in cell 133 in Building No. 3 and share a cell with inmate Cotton.  (*Id*.)  Their placement violated a Notification of a Plan of Operation issued by Defendant Kathleen Allison, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") and signed by Defendants RJD Warden Pollard and RJD Chief Deputy Warden Buckel.  (*Id*. at 9-10.)  The Notification, a copy of which is attached to the FAC as Exhibit A (ECF No. 8-1 at 2-3), was posted on the door of the quarantine ward and stated: "Staff will ensure inmates with positive test results are not mixed with inmates with negative test results."  (ECF No. 8 at 9-10.)  Plaintiff asked staff not to house him with inmate Cotton but was told "it was procedure."  (*Id*. at 15.)

Plaintiff alleges Defendant RJD physician Dr. Amir Mohamed produced his negative test result and instructed him to wear a mask and stay at least six feet away from others.  (*Id*. at 10.)  Plaintiff claims that Dr. Mohamed, in an act of deliberate indifference,

"made no effort to inform the medical staff" that Plaintiff needed to stay six feet away from inmate Cotton while wearing protective gear. (*Id*. at 10-11.) He states he was placed at a substantial risk of serious injury from Dr. Mohamed's failure to inform staff because he was unvaccinated and has pre-existing health problems which place him at a greater risk from the Covid virus. (*Id*.) As a result of sharing a cell with inmate Cotton Plaintiff exhibited symptoms of Covid and tested positive on December 12, 2020. (*Id*. at 12.)

In count one of the FAC Plaintiff alleges Defendants Allison, Pollard, Buckel and Dr. Mohamed deprived him of a basic human need to be free from placement in an environment where an infectious disease is rampant. (*Id*. at 13.) He claims they knew positive and negative inmates were not to be housed in the same cell yet forced Plaintiff and inmate Cotton to share a cell. (*Id*. at 13-14.) He claims that but for their failure to follow proper procedures he would not have contracted Covid. (*Id*. at 16-18.)

In count two of the FAC, Plaintiff claims false imprisonment and denial of his right to personal liberty. (*Id*. at 18.) He alleges he was forced against his will to be housed in quarantine with Covid-positive inmates at a time Plaintiff was not infected with the virus, while other inmates who tested negative like Plaintiff were free to leave their cell to use the telephone, take showers and sit in the day room. (*Id*. at 18-19.)

**C.     Analysis**

**1. Eighth Amendment claims**

"The Eighth Amendment prohibits cruel and unusual punishment in penal institutions." *Wood v. Beauclair*, 692 F.3d 1041, 1045 (9th Cir. 2012). Whether the conditions of confinement are considered inhumane under the Eighth Amendment is measured by "the evolving standards of decency that mark the progress of a maturing society." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

"[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently

culpable state of mind," that is, "one of 'deliberate indifference' to inmate health or safety." *Id.,* quoting *Wilson*, 501 U.S. at 302-03.  A prison official can be held liable only if he or she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

With respect to the serious medical need prong of an Eighth Amendment claim, the allegations in the FAC that Plaintiff tested positive for the Covid virus and has preexisting medical conditions which increase his health risks associated with the virus "are sufficient to meet the low threshold for proceeding past the screening stage." *Wilhelm*, 660 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994) ("[I]ndicia of a 'serious' medical need include (1) the existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, (2) the presence of a medical condition that significantly affects an individual's daily activities, and (3) the existence of chronic or substantial pain."); *Plata v. Newsom*, 445 F.Supp.3d 557, 559 (N.D. Cal. 2020) ("[N]o one questions that [the Covid-19 pandemic] poses a substantial risk of serious harm to [inmates of the California prison system].")

With respect to the deliberate indifference prong of the Eighth Amendment claim against Defendants RJD Warden Pollard, RJD Chief Deputy Warden Buckel and RJD Physician Dr. Mohamed, the FAC is also "sufficient to meet the low threshold for proceeding past the screening stage."  *Wilhelm*, 680 F.3d at 1123.  The deliberate indifference prong of an Eighth Amendment violation "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Prison officials may be held liable under the Eighth Amendment for a failure to protect prisoners only where the official shows a deliberate indifference to conditions which pose a substantial risk of serious harm to an inmate.  *Farmer*, 511 U.S. at 833.  The Eighth Amendment is violated when a prison official, acting with deliberate indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his health.  *Id*. at 843.

Plaintiff alleges Defendants Pollard and Buckel personally signed the Notification informing RJD staff that inmates with positive and negative tests should not be housed together and posted it outside the quarantine ward, but when Plaintiff notified RJD staff he should not be housed with inmate Cotton under that policy, he was told "it was procedure" to keep them housed together. He attaches to the FAC an "emergency" inmate grievance seeking protection from exposure to the virus which Defendant Buckel personally denied and in which he contended Defendant Pollard was responsible for exposing him to the virus. (ECF No. 8-4 at 2-14.) The FAC passes the low threshold of screening by plausibly alleging Defendants Pollard and Buckel, by signing the notification and posting it outside the quarantine ward, knew of a substantial risk of housing negative and positive inmates together, and, by failing to enforce that policy and instead implementing a procedure at RJD which required Plaintiff and inmate Cotton to be housed together, deliberately disregarded that risk. *See Farmer*, 511 U.S. at 833; *Jett*, 439 F.3d at 1096 (deliberate indifference "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that a supervisor may be held liable for constitutional violations of subordinates if the supervisor participated in, directed, or knew of the violations and failed to act to prevent them). The Court cautions Plaintiff, however, that the *sua sponte* screening process is "cumulative of, not a substitute for, any subsequent [motion to dismiss] that the defendant may choose to bring." *See Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D. Cal. 2007).

The FAC also survives the low threshold to pass screening with respect to the Eighth Amendment claim against Defendant RJD physician Dr. Mohamed. Plaintiff alleges Dr. Mohamed produced his negative test result and instructed him to wear a mask and stay at least six feet away from others. (ECF No. 8 at 10.) He claims Dr. Mohamed, in an act of deliberate indifference, "made no effort to inform the medical staff" that Plaintiff needed to stay six feet away from inmate Cotton while wearing protective gear. (*Id*. at 10-11.) Plaintiff states that he was placed at a substantial risk of serious injury by Dr. Mohamed's

failure in his duty to inform RJD staff that Plaintiff tested negative because he was unvaccinated and has pre-existing health problems. (*Id.*) As a result of sharing a cell with inmate Cotton Plaintiff was exposed to and infected with the Covid virus. (*Id.* at 12.) The FAC plausibly alleges Dr. Mohamed knew of and deliberately disregarded a substantial risk to Plaintiff's health. *See Jett*, 439 F.3d at 1096 (deliberate indifference "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.")

With respect to the only remaining Defendant, CDCR Secretary Allison, who Plaintiff alleges is responsible for the failure of her subordinates to properly apply the CDCR policy at RJD of separating inmates who test positive for Covid from those who test negative, Plaintiff has once again failed to allege a causal connection between her actions and the alleged constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'"), quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976). Plaintiff merely alleges Defendant Allison issued the Notification to keep positive and negative inmates within the CDCR housed separately, but the FAC contains no allegations regarding any actions she took regarding application of that policy at RJD.

Plaintiff was previously informed in the Court's prior order dismissing the original Complaint that he may not simply attempt to hold a supervisory Defendant liable without any factual allegations regarding their personal involvement in the alleged constitutional violation or a causal connection between their wrongful conduct and the violation. (ECF No. 3 at 7-9.) There are no allegations Defendant Allison was aware that Plaintiff and

inmate Cotton should not have been housed together, or that she was responsible for implementing policies or procedures at RJD preventing that from happening, and no allegation she was actually aware the two inmates were housed together exposing Plaintiff to the virus. Thus, there are no factual allegations in the FAC which, if proven true, would establish that Defendant Secretary Allison, in conscious disregard to an excessive risk to Plaintiff's health, was aware Plaintiff faced such a risk and what actions she took, or was required to take but failed to take, which plausibly allege she was aware of and deliberately disregarded the risk associated with housing the two inmates in the same cell. *See Leer*, 844 F.2d at 633 ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."); *Starr*, 652 F.3d at 1208 ("A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.")

Accordingly, the Court *sua sponte* dismisses Plaintiff's Eighth Amendment claim in the FAC against Defendant Allison based on a failure to state a claim pursuant to 28 U.S.C. § 1915A. *Wilhelm*, 680 F.3d at 1121; *Farmer*, 511 U.S. at 837. Plaintiff was instructed of this same pleading defect as to his claims against Defendant Secretary Allison in the Court's Order dismissing the original Complaint and instructed how to cure the defect. (ECF No. 3 at 7-9.) Because it is now clear Plaintiff cannot state a claim against Defendant Allison, the claims against her in the FAC are dismissed without further leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quote marks omitted).

### 3. False Imprisonment and Personal Liberty Claims

In count two of the FAC Plaintiff claims he was subject to false imprisonment and denial of his right to personal liberty by being forced against his will to be housed in

quarantine with inmates who tested positive for the Covid virus. (ECF No. 8 at 18-19.) He claims that other inmates who tested negative like himself were free to use the telephone, take showers and sit in the day room, and that his repeated requests to staff to be let out of his cell were refused in violation of due process. (*Id*. at 19.) Plaintiff was previously instructed that federal claims by state prisoners seeking release from custody must be brought in a habeas corpus action and not in a 42 U.S.C. § 1983 civil rights action. *See Nettles v. Grounds*, 830 F.3d 922, 925, 930-31 (9th Cir. 2016) (en banc) (holding that claims which would necessarily lead to immediate or earlier release from confinement lie at the core of habeas and must be brought if at all on habeas and not under § 1983). Plaintiff clarifies in the FAC that he is not seeking release from incarceration but is seeking damages for the restrictions on his liberties within RJD from being placed in quarantine despite having tested negative. He attaches to the FAC copies of his inmate grievances and appears to claim he was denied due process with respect to his placement and retention in quarantine. (ECF No. 8-4 at 23.)

When a plaintiff appears pro se, the court must construe the pleadings liberally and afford plaintiff any benefit of the doubt with respect to what claims are raised. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The rule of liberal construction is "particularly important" in civil rights cases. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

The Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (and) (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000), quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). To state a substantive due process claim, a prisoner is "ordinarily required to prove that a challenged government action was clearly arbitrary and

unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (internal quote marks omitted), overruled on other grounds by *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006). "A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 996 (2007).

"[A] prisoner has no constitutional right to a particular classification status." *Hernandez v. Johnson*, 833 F.2d 1316, 1318 (9th Cir. 1987). However, where a prisoner alleges a dramatic departure from the standard conditions of confinement, federal due process concerns may be implicated. *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995); *see also Keenan v. Hall*, 83 F.3d 1983, 1088-89 (9th Cir. 1996) ("The *Sandin* Court seems to suggest that a major difference between the conditions for the general population and the segregated population triggers a right to a hearing."), citing *Sandin*, 515 U.S. at 485; *see also Marsh v. City of San Diego*, 680 F.3d 1148, 1154 (9th Cir. 2012) ("To violate substantive due process, the alleged conduct must 'shock() the conscience' and 'offend the community's sense of fair play and decency.'"), quoting *Rochin v. California*, 342 U.S. 165, 172-73 (1952).

The FAC alleges that despite having testing negative for the Covid virus Plaintiff was placed in quarantine with inmates who tested positive for the virus and forced to share a cell with one, and as a result he was unable to use the telephone, take showers, sit in the day room or leave his cell, and contracted the virus by being unnecessarily exposed to it. Plaintiff alleges his attempts to challenge his placement in quarantine through the prison inmate grievance process was arbitrarily denied by Defendants Pollard and Buckel. These allegations, liberally construed, are "sufficient to meet the low threshold for proceeding past the screening stage" with respect to a due process claim. *Wilhelm*, 680 F.3d at 1123.

**II.     Motion for Appointment of Counsel**

Plaintiff requests appointment of counsel on the basis he is unlearned in the law, indigent, and unable to obtain evidence through discovery due to his incarceration. (ECF

No. 6 at 1-2.) All documents filed pro se are liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). There is no constitutional right to counsel in a civil case, and the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that only "exceptional circumstances" support such a discretionary appointment). Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and an inability of the pro se litigant to articulate his claims in light of their legal complexity. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff's FAC demonstrates that while not formally trained in law he is fully capable of legibly articulating the facts and circumstances relevant to his claims. *Agyeman*, 390 F.3d at 1103. In addition, it is premature at this time to make a determination regarding the likelihood of success on the merits of Plaintiff's claims. Accordingly, the Court **DENIES** Plaintiff's motion for appointment of counsel without prejudice. Plaintiff may renew his request for counsel at a later stage of this case.

**III.   Conclusion and Orders**

Good cause appearing, the Court:

1.   **DISMISSES** all claims against Defendant Allison in the FAC without leave to amend pursuant to 28 U.S.C. § 1915A.

2.   **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 6) without prejudice.

3.   **DIRECTS** the Clerk of the Court to issue a summons upon Defendants RJD Warden Marcus Pollard, RJD Chief Deputy Warden Raquel Buckel and RJD Physician Dr. Amir Mohamed as identified in Plaintiff's First Amended Complaint (ECF No. 8) pursuant to Fed. R. Civ. P. 4(b) so that he may execute service upon them as required by Fed. R.

Civ. P. 4(c). Plaintiff must effect personal service within 90 days of this Order, and file proof of that service pursuant to Fed. R. Civ. P. 4(l), or file a waiver pursuant to Fed. R. Civ. P. 4(d) within that time, or face dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 4(m).[1]

**IT IS SO ORDERED.**

Dated: March 10, 2022

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Because Plaintiff is not proceeding IFP, and now that his pleading has survived the sua sponte screening required by 28 U.S.C. § 1915A, he is "responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1); *see* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.") The Court has tolled Rule 4(m)'s service clock while it has conducted that screening. *See e.g. Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]–day service period is tolled until the court screens a plaintiff's *in forma pauperis complaint* and authorizes service of process"), citing *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) and *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 459 (3d Cir. 1996).