UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY HAMILTON, CC22MX910/CDCR #T61263,<br><br>Plaintiff,<br><br>vs.<br><br>KATHLEEN ALLISON, Secretary of the California Department of Corrections and Rehabilitation, et al.,<br><br>Defendants. | Case No.: 21cv2032-CAB-AHB<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 35]** |

Danny Hamilton (Plaintiff) is a state inmate currently incarcerated at the Contra Costa County West County Detention Facility. He is proceeding pro se, and has filed a civil rights Complaint (and First Amended Complaint) pursuant to 42 U.S.C. § 1983 (ECF Nos. 1 and 8). On June 21, 2022, Plaintiff filed a "Motion for Appointment of Counsel." (ECF No. 35.)

**I.    Motion to Appoint Counsel**

Plaintiff asks the Court to appoint counsel for him because he is indigent, incarcerated, and "unlearned in the law." (ECF No. 35 at 1-2.)

However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept.*

*of Social Servs,* 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion is exercised only in "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015) (*quoting Palmer*, 560 F.3d at 970).

      The Court denies Plaintiff's request without prejudice at this time because nothing in either his First Amended Complaint or his Motion to Appoint Counsel suggests he is incapable of articulating the factual basis for his claims, which appear "relatively straightforward." *Id.* In fact, the Court found, based on its screening of Plaintiff's First Amended Complaint and applying the liberal standards of construction required in pro se cases, *see Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (noting court's "obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt"), that Plaintiff has pleaded sufficient factual content to state a plausible claim for relief against all defendants except defendant Allison, who has been dismissed from the case.

      At the same time, Plaintiff's First Amended Complaint, by itself, while sufficient to state a claim, does not yet demonstrate a "likelihood" of success on the merits. *Id.* Therefore, the Court finds no "exceptional circumstances" exist to justify the appointment of counsel at this time. *See, e.g., Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner was able to articulate his inadequate medical care claims in light of the complexity of the issues involved, but found unlikely to succeed on the merits).

/ / /

## II. Conclusion and Order

For the reasons discussed, the Court:

**DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 35).

Dated: June 23, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge