UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY HAMILTON, CC22MX910/CDCR #T61263,<br><br>Plaintiff,<br><br>vs.<br><br>KATHLEEN ALLISON, Secretary of the California Department of Corrections and Rehabilitation, et al.,<br><br>Defendants. | Case No.:  21cv2032-CAB-AHB<br><br>**ORDER REGARDING DOCKET NOS. 42 AND 44** |

Danny Hamilton (Plaintiff) is a state inmate currently incarcerated at the Contra Costa County West County Detention Facility. He is proceeding pro se, **but not in forma pauperis,** and has filed a civil rights Complaint (and First Amended Complaint) pursuant to 42 U.S.C. § 1983 (ECF Nos. 1 and 8).

On July 29, 2022, Plaintiff filed a Motion to Order Attorney General and Court's Pro Se Prisoner Litigation Office to Provide Addresses for Service on the Not Served Defendants ("Motion for Addresses"). [Doc. No. 42.]  On August 29, 2022, Plaintiff filed a motion for: A) extension of time to respond to Defendant Mohamed's motion to dismiss; B) extension of service time to receive Court's response to Plaintiff's motion for addresses; and C) extension of time to locate and serve the not served defendants.  [Doc. No. 44.]

A. Motion For Addresses.

In the Motion for Addresses [Doc. No. 42], Plaintiff asks the Court to order the Pro Se Litigation Office or the U.S. Marshals to locate and serve the unserved defendants. [Doc. No. 42.] As stated in this Court's order of July 13, 2022 regarding a similar request made by Plaintiff, the Court has limited authority to order service by the U.S. Marshal, especially when Plaintiff is not proceeding *in forma pauperis* and when Plaintiff does not know the whereabout of the defendants. [*See* Doc. No. 40 at 3.]

Generally, a plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). When a plaintiff proceeds both *pro se* and *in forma pauperis,* however, the Clerk of Court issues the summonses and causes service of process to be effectuated by the United States Marshals Service on the defendants, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3). Here, Plaintiff is pro se but has paid the court's filing fee; he has not been given permission to proceed *in forma pauperis*.

However, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed.R.Civ.P. 4(c)(3). Assuming Plaintiff is making such a request, he does not explain why an alternative means, such as hiring a process server or investigator, would not be effective. *See Bozgoz v. Blackwell*, No. 19-2790, 2021 WL 1518337, at *4 (D.D.C. Apr. 16, 2021) (requiring plaintiffs to explain why alternate methods of service "would prove unsuccessful or futile ... such that the assistance of the USMS would be required"). *See also Judd v. Fed. Comm'cns Comm'n*, 276 F.R.D. 1, 6 (D.D.C. 2011) (precluding pro se prisoner not proceeding *in forma pauperis* from relying on United States Marshals Service to effect service). Moreover, Plaintiff is going beyond asking for the U.S. Marshal to serve defendants, because Plaintiff acknowledges that he does not know where the defendants are located and therefore is requesting some sort of investigative assistance. Again, Plaintiff provides no authority that would allow the Court to provide

such investigative assistance, especially when Plaintiff is not proceeding *in forma pauperis*.  Therefore, the Motion for Addresses [Doc. No. 42] is **DENIED**.

B.  Motion for Extension to Respond to Motion to Dismiss.

Defendant requests a nine-month extension of time to respond to Defendant Mohammed's motion to dismiss.  Plaintiff's motion [Doc. No. 44, Motion A] is **GRANTED WITH MODIFICATION**.  The Court will provide Plaintiff with an additional **thirty days** to respond to the motion to dismiss.  Plaintiff shall have until **October 3, 2022,** to file a response to the motion to dismiss and shall use his best efforts to provide as comprehensive a response as possible given the confines of his access to legal resources while incarcerated.

C.  Motion for Extension of Service Time to Receive Court's Response to Motion for Addresses.

The Court has now ruled on the Motion for Addresses and, therefore, the Motion for Extension of Service Time to Receive Court's Response [Doc. No. 44, Motion B] is **DENIED AS MOOT**.

D.  Motion for Extension of Time to Locate and Serve Not Served Defendants.

Defendant requests an additional 90 days to locate and serve the not served defendants.  [Doc. No. 44, Motion C.]  That motion is **GRANTED WITH MODIFICATION**.  Plaintiff shall have until **November 14, 2022,** to locate and serve the not served defendants.

**IT IS SO ORDERED.**

Dated:  September 2, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge