UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY L. HAMILTON,<br><br>                        Plaintiff,<br><br>v.<br><br>HOWARD E. MOSELEY, *et al.*,<br><br>                        Defendants. | Case No.: 3:21-cv-2032-CAB-AHG<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>**[ECF No. 79]** |

    Before the Court is Plaintiff Danny L. Hamilton's ("Plaintiff") Motion for Appointment of Counsel (ECF No. 79), which was filed on September 29, 2023 along with a motion for extension of time to extend the discovery deadlines. ECF No. 79. The Court previously granted the motion in part and deferred the motion in part, extending the discovery deadlines by approximately 60 days but deferring ruling on Plaintiff's motion to appoint counsel. ECF No. 83. The Court now addresses the motion to appoint counsel.

**I.    BACKGROUND**

    Plaintiff, a state prisoner who is proceeding *pro se*, filed this civil rights action on December 2, 2021 under 42 U.S.C. § 1983, claiming constitutional violations stemming from events that occurred when he was previously incarcerated at Richard J. Donovan

Correctional Facility ("RJD"), where he was infected with the COVID-19 virus after being forced to share a cell with another inmate who had tested positive for the virus. ECF No. 1. Although the Court *sua sponte* dismissed Plaintiff's first complaint for failure to state a claim upon screening under 28 U.S.C. § 1915A, the Court found that Plaintiff sufficiently stated Eighth and Fourteenth Amendment claims against certain Defendants in his First Amended Complaint ("FAC") (ECF No. 8) and ordered service upon Defendants RJD Warden Marcus Pollard, RJD Chief Deputy Warden Raquel Buckel, and RJD Physician Dr. Amir Mohamed. ECF No. 11. The Court later dismissed Defendants Pollard and Buckel from this action due to Plaintiff's failure to serve them.[1] ECF No. 56. On December 22, 2022, the Court granted in part and denied in part Defendant Mohamed's Motion to Dismiss the FAC, dismissing Plaintiff's claim for violation of procedural due process under the Fourteenth Amendment with leave to amend,[2] denying without prejudice the motion to dismiss Plaintiff's Eighth Amendment claim based on qualified immunity, and dismissing Plaintiff's claim for injunctive relief as moot. ECF No. 55.

Plaintiff has previously moved for appointment of counsel three times—one month after filing the case on January 25, 2022 (ECF No. 6), again on June 21, 2022 (ECF No. 35), and again on July 11, 2022 (ECF No. 39). The Court has denied the request each time, on the basis that nothing in Plaintiff's filings suggest that he is incapable of articulating the factual basis for his claims, and that although the Court found Plaintiff's FAC sufficiently stated a claim, Plaintiff had not yet demonstrated a likelihood of success on the merits. *See* ECF No. 11 at 11; ECF No. 36 at 2, ECF No. 40 at 2. Plaintiff now seeks appointment of counsel once more, explaining that he is awaiting treatment for arthritis, which "greatly hinder[s]" his writing ability "with los[s] of movement and pain[.]" ECF No. 79 at 2.

---

[1] Plaintiff is not proceeding *in forma pauperis* and was thus responsible for service on Defendants.

[2] Plaintiff did not amend his complaint, so the FAC remains the operative complaint and his Fourteenth Amendment claim remains dismissed.

1  Additionally, Plaintiff argues that he is an "unskilled layman at law" and that he has a
2  history of anxiety that causes him mental anguish when working on his case. *Id.* at 2, 4.
3  Thus, Plaintiff contends that "the headache of this civil matter" places him in "imminent
4  danger of a mental anguish/anxiety breakdown[.]" *Id.* at 6.

## II. LEGAL STANDARD

According to federal statute, district courts may "request" the appointment of counsel to "any person unable to afford counsel." *See* 28 U.S.C. § 1915(c)(1); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). However, "[t]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). Courts must determine whether "exceptional circumstances" warrant the appointment of counsel in a given case by evaluating "the likelihood of [a plaintiff's] success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015). However, neither factor is dispositive and "both must be viewed together before reaching a decision." *Id*. Additionally, before a court can exercise its discretion, a civil plaintiff must make a reasonably diligent effort to obtain counsel. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993).

## III. DISCUSSION

Plaintiff's motion for appointment of counsel shall once again be denied. As stated above, the two factors the Court must consider in determining whether "exceptional circumstances" warrant appointment of counsel are the likelihood of Plaintiff's success on the merits and his ability to articulate his claims *pro se* in light of the complexity of the case. *Terrell*, 935 F.2d at 1017. Plaintiff makes no attempt to address the first of these factors in his motion, instead focusing solely on his ability to articulate his claims in light of his arthritis and anxiety. "A plaintiff that provides no evidence of his likelihood for success at trial fails to satisfy the first factor of the [exceptional circumstances] test." *Torbert v. Gore*, No. 14cv2911-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8,

2016). The Court is also unable to assess that factor *sua sponte*, as there is little before the Court regarding the merits of Plaintiff's case, other than assertions in the operative complaint. The parties' cross-motions for summary judgment are not due to be filed (or supplemented, in Plaintiff's case) until January 5, 2024, and although Plaintiff has requested summary judgment, he has not yet provided evidence in support of the motion. *See* ECF No. 60; *see also* ECF No. 83 at 4 (extending briefing schedule on summary judgment motions).

Nor does the fact that some of Plaintiff's claims in his FAC survived screening and a Motion to Dismiss demonstrate that Plaintiff is likely to succeed at trial. *McGinnis v. Ramos*, No. 15cv2812-JLS-JLB, 2017 U.S. Dist. LEXIS 58507, at *6–7 (S.D. Cal. Apr. 17, 2017) (stating that the Court's screening process under § 1915 "tests not whether a plaintiff will ultimately prevail on his alleged claim but whether he is entitled to offer evidence to support his claim. [] Thus, the Court's screening process . . . did not test the merits of Plaintiff's claim but rather only whether Plaintiff adequately stated a claim that could potentially have merit.") (internal citation omitted). *See also, e.g.*, *Garcia v. Smith*, No. 10cv1187-AJB-RBB, 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (finding it was "too early to determine the likelihood of success on the merits" although the plaintiff's claims had survived a motion to dismiss, because "[w]ithout more, it is not certain whether any of Plaintiff's causes of action will survive summary judgment"); *Brookins v. Hernandez*, No. 1:17-cv-01675-AWI-SAB (PC), 2020 WL 8613838, at *1 (E.D. Cal. June 11, 2020) (finding it "premature to determine that there is a likelihood of success on the merits" while the defendants' motion for summary judgment was pending, "[a]lthough the allegations in Plaintiff's complaint were sufficient to state a plausible claim for relief").

Thus, at this stage of the case, when the parties have not yet proffered evidence to the Court in support of their claims and defenses, the Court cannot find that Plaintiff is likely to succeed on the merits. The Court will be in a better position to gauge Plaintiff's likelihood of success on the merits once the anticipated cross-motions for summary

judgment have been decided, and the facts underlying Plaintiff's claims have been established by record evidence.

Turning to the second factor, as noted, Plaintiff does make an effort in his motion to establish that his arthritis and anxiety hinder his ability to prosecute his case, and he emphasizes that he is an unskilled layman in the law. However, Plaintiff fails to demonstrate an inability to represent himself beyond the ordinary burdens encountered by incarcerated plaintiffs representing themselves *pro se*. Although Plaintiff asserts that continuing to pursue his lawsuit is causing him mental anguish, "mental health issues do not warrant the appointment of counsel. Mental impairment may be grounds for appointment of counsel in certain situations, but the impairment must be an 'incapacitating mental disability' and the plaintiff 'must present evidence of incompetence.'" *Johnson v. Nelson*, No. 2:20-cv-0967-DB-P, 2021 U.S. Dist. LEXIS 229140, at *2 (E.D. Cal. Nov. 29, 2021) (quoting *Meeks v. Nunez*, No. 13cv973-GPC-BGS, 2017 U.S. Dist. LEXIS 16503, at *2–*3 (S.D. Cal. Feb. 6, 2017)). Here, Plaintiff has not established that his anxiety is incapacitating or so debilitating as to render him incompetent. Under such circumstances, the Court finds the appointment of counsel is not warranted. *See, e.g.*, *Johnson*, 2021 U.S. Dist. LEXIS 229140, at *2–*3 (denying motion for appointment of counsel when plaintiff "receive[d] mental health treatment and takes psychotropic drugs daily" because he was "capable of articulating his claims pro se" and had "not provided any evidence showing he [was] incompetent"); *Torres v. Jorrin*, No. 20cv891-AJB-BLM, 2020 WL 5909529, at *2 (S.D. Cal. Oct. 6, 2020) (denying motion for appointment of counsel, explaining that "[p]laintiff's claims about suffering from an array of issues including depression, anxiety, and schizophrenic episodes also do not warrant the appointment of counsel as they are not supported by any medical records or other evidence and there is no evidence that the alleged issues significantly impact [p]laintiff's ability to litigate his case."). Nor has Plaintiff established that he is unable to prosecute this action, and his filings reflect an ability to articulate his claims clearly and cogently notwithstanding his anxiety and arthritis. Again, Plaintiff's FAC survived the Court's *sua sponte* screening and partially

survived a motion to dismiss. *See Brown v. Reif*, 2019 WL 989874, at *2 (E.D. Cal. Mar. 1, 2019) (denying appointment of counsel where the plaintiff's filing demonstrated ability to properly litigate case despite mental illness); *Ordaz v. Tate*, No. 1:07-CV-00634-BLW, 2010 WL 3220359, at *1 (E.D. Cal. Aug. 10, 2010) (denying request for appointment of counsel because plaintiff's mental illness did not prevent him from adequately representing himself, based on his previous filings).

To the extent Plaintiff's arthritis makes it difficult for him to prepare his filings, the Court notes that it has granted two separate 60-day continuances on both the parties' discovery deadlines and the briefing schedule on the parties' cross-motions for summary judgment, the latter of which was premised in part on the hindrances caused by Plaintiff's arthritis. *See* ECF Nos. 78, 83. Again, although Plaintiff alleges that his arthritis hinders his writing ability, Plaintiff has not established that he is unable to articulate his claims ***in light of the complexity of the legal issues in his case,*** which, as the Court has stated before, are "relatively straightforward." ECF No. 36 at 2 (quoting *Harrington*, 785 F.3d at 1309). That is the relevant factor the Court must consider, not whether Plaintiff has physical hindrances that may require additional time to prepare his filings. The Court does not doubt that Plaintiff, like most *pro se* litigants, finds it difficult to articulate his claims and would be better served with the assistance of counsel. It is for this reason that in the absence of counsel, federal courts employ procedures that are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that the pleadings of a pro se litigant must be held to less stringent standards than formal pleadings drafted by lawyers). In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Thus, as long as a *pro se* litigant is able to articulate his claims, as Plaintiff is here, the second "exceptional circumstances" factor that might support the appointment of counsel is not met.

Finally, Plaintiff has not presented any evidence that he has made a reasonably diligent effort to obtain counsel. Therefore, even if he had satisfied either or both of the

two factors of the "exceptional circumstances" test, the Court would deny his motion for that failure alone. *See Bailey* 835 F. Supp. at 552 (extending the "reasonably diligent effort" standard used in *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1319 (9th Cir. 1981) to requests made pursuant to 28 U.S.C. § 1915); *Verble v. United States*, No. 07cv0472 BEN-BLM, 2008 WL 2156327, at *2 (S.D. Cal. May 22, 2008) (denying a *pro se* litigant's request for appointment of counsel for failing to show that he had made a reasonably diligent effort to secure counsel).

### IV. CONCLUSION

For the reasons explained above, Plaintiff's Motion to Appoint Counsel (ECF No. 79) is **DENIED without prejudice**.[3]

**IT IS SO ORDERED**.

Dated: November 6, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[3] Because Plaintiff's Motion for Appointment of Counsel is denied without prejudice, Plaintiff is free to seek appointment of counsel again in the future if he can show that exceptional circumstances warrant such relief and that he has made a reasonably diligent effort to secure counsel.